# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>   vs.<br>GEORGE ALBERTO BELTRAN,<br><br>                    Defendant. | Case No.: 12cr02-MMA<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE;**<br><br>[Doc. No. 102]<br><br>**DENYING AS MOOT DEFENDANT'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>[Doc. No. 104] |

On February 28, 2012, Defendant George Alberto Beltran pleaded guilty to importing cocaine in violation of Title 21 of the United States Code, sections 952 and 960. *See* Doc. No. 28. The Court sentenced Defendant to a mandatory minimum term of 120 months imprisonment. *See* Doc. No. 40. Defendant collaterally challenged his conviction and sentence pursuant to Title 28, section 2255. *See* Doc. No. 42. The Court denied Defendant's motion for collateral relief. *See* Doc. No. 93. Thereafter, the Ninth Circuit denied Defendant's request for a certificate of appealability, as well as his motion for reconsideration en banc. *See* Doc. Nos. 99 and 100. Defendant, proceeding *pro se*, now moves for a reduction of his term of imprisonment pursuant to Title 18, section 3582(c), based on, *inter*

*alia*, Amendment 782 to the United States Sentencing Guidelines.  *See* Doc. No. 102.  For the reasons set forth below, the Court **DENIES** Defendant's motion to reduce his sentence.

## DISCUSSION

Amendment 782 to the United States Sentencing Guidelines ("USSG"), which became effective November 1, 2014, lowered the penalties for certain drug offenses by reducing most base offense levels contained in the USSG § 2D1.1 Drug Quantity table by two levels, and making other related adjustments to this Guideline.  Along with Amendment 782, the Sentencing Commission adopted Amendment 788, which decreed that Amendment 782 may be applied retroactively to lower the sentences of previously sentenced inmates.  Citing Amendment 782, Defendant moves for a reduction of his sentence pursuant to Title 18, section 3582(c)(2).

A district court may reduce the sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).  However, a reduction is not authorized under section 3582(c)(2) if the change to the Sentencing Guidelines "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." USSG Manual § 1B1.10(a)(2)(B) & cmt. n.1(A); *United States v. Paulk*, 569 F.3d 1094, 1095 (9th Cir. 2009) ("Paulk is not entitled to a reduction because his sentence was not based on a sentencing range that has subsequently been lowered by the Sentencing Commission, but rather was based on the statutory mandatory minimum under 21 U.S.C. § 841. This mandatory minimum was not affected by the change in the [drug] equivalency tables.") (internal citations and quotations omitted).

Pursuant to Title 21, section 960(b)(1)(B), an individual who "knowingly or intentionally imports or exports" 5 kilograms or more of cocaine "shall be sentenced to a term of imprisonment of not less than 10 years." 21 U.S.C. § 960(b)(1)(H). In this case, Defendant pleaded guilty to importing approximately 12.78 kilograms of cocaine. He failed to qualify for safety valve relief due to his criminal history and was subject to a statutory mandatory minimum 120 month sentence. *See* USSG Manual § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."). As such, the Court lacks the authority to reduce Defendant's sentence, as it was based on a statutory mandatory minimum – not the Sentencing Guidelines. *Paulk*, 569 F.3d at 1094.

Defendant also requests reduction of his sentence based on post-conviction rehabilitation pursuant to *Pepper v. United States*, 562 U.S. 476 (2011). In *Pepper*, the Supreme Court held that if a defendant is before the court for resentencing, the court may consider a defendant's post-sentencing rehabilitative conduct. *See id.*, 562 U.S. at 489 ("when a defendant's sentence has been set aside on appeal and the case remanded for a resentencing, a district court may consider evidence of a defendant's rehabilitation since his prior sentencing and that such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range."). However, Defendant's sentence has not been set aside on appeal, and as discussed above, there is no other legal basis upon which to resentence Defendant. Thus, even if Defendant's post-conviction conduct demonstrates rehabilitation, the Court is prohibited by statute from modifying the sentence previously imposed.

Defendant's remaining arguments for a reduction in his sentence are unavailing.

//
//

## CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's motion for a sentence reduction.  The Court **DENIES AS MOOT** Defendant's motion for leave to proceed in forma pauperis.

**IT IS SO ORDERED**.

DATE: May 23, 2016

HON. MICHAEL M. ANELLO
United States District Judge